**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| LEWIS MCKENZIE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-723-RAH-CSC |
| | )         (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     Introduction**

Petitioner Lewis McKenzie is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  (Doc. 1).  On March 21, 2003, McKenzie was found guilty of being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1), possession with intent to distribute cocaine, under 21 U.S.C. § 841(a)(1), and using and carrying a firearm during a drug trafficking crime, under 18 U.S.C § 924(c)(1).[1]  The district court sentenced McKenzie to 337 months in prison, consisting of 277 months on Count 1, 240 months on Counts 2 and 3, concurrent to Count 1 and 60 months on Count 4, consecutive to all other counts.[2] McKenzie appealed; the Eleventh Circuit affirmed his convictions and sentence. *United States v. McKenzie*, 91 F. App'x 656 (11th Cir. 2004).

On April 11, 2005, McKenzie filed his first § 2255 motion, wherein he asserted the following:

1. He is actually innocent of violating 18 U.S.C. § 924 (c) (1);
2. Trial counsel rendered ineffective assistance by failing to argue that he was actually innocent of violating 18 U.S.C. § 924(c)(1);
3. The prosecution failed to prove each element of 18 U.S.C. § 922(g)(1);

---

[1] *See* USA v. McKenzie, 3:02-cr-00151-WKW-CSC at Docs. 112 and 132
[2] *See id*. at Doc. 132 at p. 2

4. Trial counsel rendered ineffective assistance by failing to argue that the prosecution failed to prove each element of 18 U.S.C. § 922(g)(1).
5. The district court violated his Sixth Amendment rights by sentencing him as an armed criminal under 18 U.S.C. § 924 (e) (1) because the prior convictions used to enhance his sentence were not submitted to the jury and proved beyond a reasonable doubt.[3]

On July 9, 2007, the district court concluded that McKenzie's motion lacked merit and entered a dismissal with prejudice.[4]

On May 24, 2016, the Eleventh Circuit authorized McKenzie to file a second or successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244 (b)(3)(A) regarding his claim that his ACCA-enhanced sentence was invalid under *Johnson v. United States,* 135 S. Ct. 2551 (2015)  On June 24, 2016, McKenzie filed a second § 2255 Motion on this basis.[5]  After briefing, the district court dismissed the motion under § 2255(h) and *Beeman v. United States,* 871 F. 3d 1215, 1221 (11th Cir. 2017) concluding that McKenzie did not meet his burden of demonstrating under *Johnson* that his ACCA-enhanced sentence turned on the validity of the residual clause.[6]

On December 4, 2023, McKenzie filed the instant § 2255 motion, which is his third such motion.[7]  On December 7, 2023, the Eleventh Circuit transferred this action to the district court stating that "[b]ecause this matter is or appears to be an application for an *original writ of habeas corpus*, this matter is TRANSFERRED to the United States District Court for Alabama."[8] (Emphasis added).  On the basis of the record, the Petitioner has failed to demonstrate he obtained authorization from the Eleventh Circuit to file the successive § 2255 motion that is currently before

---

[3] *See* 3:05-cv-332-WHA-CSC at Doc. 1 pp. 4-18.
[4] *See id*. at Docs. 18 and 19.
[5] *See* 3:16-cv-466-WKW-CSC at Doc. 1.
[6] *See id.* at Doc. 26 p. 2 and Docs. 30 and 31.
[7] *See* 3:23-cv-723- RAH-CSC at Doc. 1.
[8] See id. at Doc. 2.

2

the court. Accordingly, the Magistrate Judge concludes that the pending § 2255 motion should be dismissed.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court in turn must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); s*ee also In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional."). Indeed, the Court concludes that Petitioner has failed to demonstrate he has obtained the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider a successive § 2255 motion. Thus, subject matter jurisdiction therefore is lacking, and dismissal is required of the instant § 2255 motion. *See Farris*, 333 F.3d at 1216; *see also Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## III.    Conclusion

For these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that McKenzie's § 2255 motion (Doc. 1) be summarily dismissed for lack of jurisdiction because he

has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider a successive § 2255 motion.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **January 23, 2024**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 9th day of January 2024.

      /s/ Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE